# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Stacy Blanton,<br><br>　　　　　　Defendant. | No. 2:19-cr-00081-KJM<br><br>ORDER |

Defendant Stacy Blanton moves to terminate her term of supervised release under 18 U.S.C. § 3583(e)(1). As explained in this order, the court **grants** her motion.

Blanton was charged with drug conspiracy and distribution charges in 2019. *See generally* Indictment, ECF No. 1. In 2022, she agreed to plead guilty to the second count in the indictment, which charged her with a violation of 21 U.S.C. § 841(a)(1), distribution of a mixture and substance containing at least five grams of methamphetamine (actual). *See* Plea Agmt. at 1, ECF No. 280. The court accepted her guilty plea, ECF No. 278, and sentenced her to an 85-month prison term, followed by a 60-month term of supervised release. *See* Sent. Hr'g Mins., ECF No. 311; Judgment & Commitment, ECF No 314. She was released from federal custody in August 2024, beginning her term of supervised release. *See* Not. Withdrawal, ECF No. 438.

The Probation Office reports Blanton has complied with the conditions of her supervised release over the previous twelve months. Unfortunately, she has been diagnosed with a serious

1

condition involving a cancerous growth within her eye. *See* Mot. at 3 & Ex. A. Her physician believes her life expectancy is limited. *See id.* Ex. B. She asks the court to terminate her supervised release "so that she may travel unrestricted to spend her last moments with loved ones." Mot. at 1. The Probation Office recommends granting the motion, and the government does not oppose it. ECF No. 480.

A district court may terminate a term of supervised release after one year if "warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The court has "discretion to consider a wide range of circumstances." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Several factors guide that discretion: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the sentencing range established for the defendant's crimes; (5) pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3583(e) (cross-referencing 18 U.S.C. § 3553(a)).

These factors weigh in favor of Blanton's request. Although her offense was serious, and although she had been convicted of several other criminal offenses before charges were filed against her in this case, she had a traumatic childhood, and she played a relatively lower-level role in the events that led to her conviction, as this court has previously recognized. *See* Sent. Stmt. of Reasons, ECF No. 315. She also completed a lengthy sentence of incarceration in connection with the charges in this case, which serves to afford adequate deterrence. In light of her serious medical conditions, and having confirmed the Probation Office's position concurring in her suitability for early release, the court finds a continued term of supervised release is not necessary to protect the public or to provide educational or vocational training, medical care, or

1  other treatment.  Continuing her term of supervised release seems unlikely to serve any worthy

2  purpose.  The interests of justice thus favor her request to terminate her supervised release.

3        The motion to terminate supervise release (ECF No. 478) is **granted**.

4        IT IS SO ORDERED.

5  DATED:  August 14, 2025.

                                            SENIOR UNITED STATES DISTRICT JUDGE